ANTHONY C. HESING

*v.*

W. L. SCOTT *et al.*

*Filed at Ottawa November 20, 1883.*

1. CHANCERY—*when it will enjoin public authorities from vacating a street.* A bill to enjoin the closing up and obstructing of a public street, under an order of the city council vacating the same, which fails to allege that the vacation will impose the slightest additional burthen or tax on the complainant, or that he will be in any other wise injured or suffer the slightest inconvenience or loss, is fatally defective, and obnoxious to a demurrer.

2. Unless a party is liable to sustain some special injury different from that of all other tax-payers, or others in the vicinity, by the vacation of a public street, he can not maintain a bill to enjoin the vacation.

3. MUNICIPAL CORPORATIONS—*enjoined from abuse of taxing power and misapplication of public funds.* The courts of this State will restrain

the abuse of the taxing power by municipalities, when exercised without charter power, or for purposes not warranted, or the expenditure of corporate funds for purposes not authorized; and it may be the courts would interfere where the corporation is endeavoring to squander corporate funds in violation of its charter powers, where it will unnecessarily increase the burthens of taxation.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Mr. EDWARD ROBY, for the plaintiff in error:

Any tax-payer of a municipal corporation can maintain a bill to prevent the payment of money of the corporation for an unlawful purpose.    *City of Springfield* v. *Edwards*, 84 Ill. 631.

Inhabitants of a municipal corporation may maintain a suit for protection and relief against breaches of trust and other fraudulent alienations of property by the acting part of the corporation.    *Inhabitants* v. *Corporation of Alnwick*, cited in 1 Ves. & B. 242; *Bromley* v. *Smith*, 1 Sim. 8; *Attorney General* v. *Mayor and Council of Dublin*, 1 Bligh's New Rep. 336; *Schofield* v. *Eighth District School*, 27 Conn. 499; *Place* v. *City of Providence*, 12 R. I. 1; *Hurd* v. *Walters*, 48 Ind. 148; *Phumphrey* v. *Mayor and Council of Baltimore*, 47 Md. 147; *Mayor and Council of Baltimore* v. *Gill*, 31 id. 375; *Sinclair* v. *Winona County Court*, 23 Minn. 404; *Walton* v. *Greenwood*, 60 Maine, 346; *Brown* v. *Manning*, 6 Ohio, 129; Willard's Eq. Jur. 737; Dillon on Mun. Corp. secs. 914, 915; High on Injunctions, secs. 1269, 1236–1239, 1241, 1243, 1259, 1263.

If corporate property is collusively alienated, this is a breach of trust of which equity will take cognizance at the suit of any corporator.    2 Dillon on Mun. Corp. (3d ed.) secs. 910, 914; *Sherlock* v. *Winnetka*, 59 Ill. 389, and 68 id. 530; *Blakie* v. *Staples*, 13 Grant, (Canada,) 67; *State, Gregory, Taylor & Co.* v. *Jersey City*, 34 N. J. 398.

Giving the ordinance to donate and pervert the property the form of an ordinance vacating a street, does not make it valid. "It is the thing done or sought to be accomplished that must determine the power of the mayor and common council to pass the ordinance." *Sherlock* v. *Winnetka*, 59 Ill. 389; *Mayor of Baltimore* v. *Hall*, 31 Md. 375; *The People* v. *Cooper*, 83 Ill. 585; *Milhau* v. *Sharp*, 15 Barb. 193; *Dummer* v. *Corporation of Chippenham*, 14 Ves. 245; *The People* v. *Sturtevant*, 5 Seld. (N. Y.) 273.

The mere fact, that the forms of legislation are used in committing such a breach of trust, will make no difference in the character of the act. *Milhau* v. *Sharp*, 15 Barb. 193.

It is also well settled that the parties may resort to evidence *ab extra* to show the true object and intent of municipal action. *Place* v. *City of Providence*, 12 R. I. 5.

Such is the rule as to prohibitions. The matter is shown to be without the jurisdiction by proof of facts outside of the record. *Caton* v. *Burton*, Cowp. 330; *State* v. *Hudnall*, 2 Nott & McC. 419.

Courts of equity will intervene in such case if the ordinance sought to be annulled is valid upon its face, and the alleged invalidity consists in matters to be established by extrinsic evidence. *Ewing* v. *St. Louis*, 5 Wall. 413; *Brown* v. *Trustees*, 11 Bush, (Ky.) 439; *Hamilton* v. *Cummings*, 1 Johns. Ch. 517.

An inhabitant of a city or town may sue out an injunction to prevent the paying out of money unlawfully appropriated. *New London* v. *Brainard*, 22 Conn. 553; *Hooper* v. *Emery*, 14 Maine, 375; *Perkins* v. *Milford*, 59 id. 315; *Barr* v. *Deniston*, 19 N. H. 170; *Merrill* v. *Plainfield*, 45 id. 126; *Henderson* v. *City of Covington*, 14 Bush, 312; *N. O. and C. R. R. Co.* v. *Dunn et al.* 51 Ala. 128; *Adriance* v. *Mayor of New York*, 1 Barb. 19; *Christopher* v. *Mayor of New York*, 13 id. 567; *Milhau* v. *Sharp*, 15 id. 193; *Stuyvesant* v. *Pearsall*, 15 id. 244; *De Baum* v. *Mayor*, 16 id. 392.

Mr. A. McCoy, for the defendants in error:

It appears from the face of the bill that this suit relates to a public right, and can only be prosecuted by a public officer duly authorized by law. It nowhere appears in the bill that the vacation of the part of the street complained of deprived the complainant of any private right different in kind from the one held by the rest of the world. That being so, the demurrer was properly sustained. *City of Chicago* v. *Union Building Association*, 102 Ill. 379.

Mr. C. BECKWITH, also, for the defendants in error.

Mr. W. C. GOUDY, for the Board of Trade of the City of Chicago:

The motives which influence a city council to pass an ordinance can not be inquired into any more than the motives of the legislature in enacting a statute. *Fletcher* v. *Peck*, 6 Cranch, 129; *Wright* v. *Defrees*, 8 Ind. 298; *McCullough* v. *State*, 11 id. 431; Cooley on Const. Lim. 186, 208, note 3; Dillon on Mun. Corp. 313.

There is no authority holding that a court of equity may interfere to control the public authorities in the opening, management and vacation of streets. They are held for the use, not of the citizens alone, but of the entire public, of which the legislature is the representative. *Chicago* v. *Rumsey*, 87 Ill. 355; *The People* v. *Walsh*, 96 id. 248.

This court has decided that for any obstruction of streets not resulting in special injury to an individual, the public only can complain. *McDonald* v. *English*, 83 Ill. 236; *Chicago* v. *Union Building Association*, 102 id. 391.

The action of the city council in vacating a street can not be reviewed or set aside by any judicial tribunal. *Chicago, Rock Island and Pacific R. R. Co.* v. *Lake*, 71 Ill. 330; *Brush* v. *Carbondale*, 78 id. 77; *Dunham* v. *Hyde Park*, 75 id. 377; Dillon on Mun. Corp. secs. 465, 94.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Appellant filed a bill in chancery against the city of Chicago, the board of trade, and a number of persons, praying to have an ordinance vacating a portion of La Salle street, in Chicago, declared void, and that portion of the street cleared of obstructions, and to compel the city to perform the trusts reposed in it regarding such highway, and thereby enable the public to enjoy their rights in the street; also, to enjoin the other defendants from interfering with the street.

Complainant alleges that he is an inhabitant and tax-payer of the city and State. He alleges in his bill that the street had previously been established and improved at large expense to the city; that the abutting property holders, to enhance the value of their property, desired that portion of the street vacated, so that the board of trade might erect a building thereon, and for that reason they petitioned for the vacation of the street; that the object of its vacation was to enable the board of trade to erect such a building, to be used for private and not for public purposes. He also states his belief that bribes were offered to aldermen to induce them to vote for the ordinance vacating the street, and insists the ordinance should be annulled and vacated. He fails to allege that the vacation of the street will impose any, the slightest, additional burthen or tax, or that he will be in anywise injured or suffer the slightest inconvenience or loss. The bill seems to proceed on the ground that the city held the street in trust for the public, and by vacating the street was guilty of a breach of the trust; that complainant is a *cestui que trust*, and has the right to invoke the aid of a court of equity to compel the city to execute the trust; that inasmuch as public necessity, or even public convenience, did not require the vacation of the street, the council had no power to perform the act, and it was a violation of duty, and repugnant to law, to vacate the street. Defendants demurred to the bill, and

the court below held that it failed to show equity on its face, and sustained the demurrer, and dismissed the bill. From that decree complainant appeals to this court, and asks a reversal.

After a careful examination we find no facts in this case to distinguish it from the case of *City of Chicago* v. *Union Building Association,* 102 Ill. 379. In fact, there were facts in that case which appealed more strongly to the chancellor for relief than do the facts in this case. There it appeared that complainant would, in common with others, suffer an appreciable loss in the reduction of the rents of its property, yet it was held that there was no ground for equitable interference. Here complainant shows no special injury. If he sustains injury, it is the same as every other tax-payer of the city. He does not even claim that it will subject him to the slightest loss, or produce the least inconvenience whatever. All the material facts of that and this case are similar, and that case must be held decisive of this. The difference in the facts of the two cases is unimportant and non-essential. It is true that the complainant in that·case was a private corporation, and in this the complainant is a natural person; but such bodies, under our laws, are entitled to the same protection as are natural persons, in all of their legal and equitable rights. This is required by the clearest principles of justice. There it was held that complainant having no separate and distinct interest, nor having suffered any peculiar injury not common to all other residents of the city, it could not maintain its suit for its part of the common injury sustained by the public.

The courts of this State have exercised the jurisdiction of restraining the abuse of the taxing power by municipalities when exercised without charter power, or for purposes not warranted, or the expenditure of corporate funds for purposes not authorized, and it may be the courts would interfere where the corporation were endeavoring to squander corpo-

rate funds in violation of the charter powers, where it would unnecessarily increase the burthens of taxation. In such cases it may be a court of equity has the power, on the application of a resident tax-payer, to restrain such abuse of power. But appellant has made no such case by his bill. He does not allege that it will impose on him a particle of loss, nor that he has, or will, sustain the slightest injury or inconvenience distinct from the general public. He has, therefore, shown no right to the relief sought, and the court below did not err in sustaining the demurrer and dismissing the bill.

The decree of the court below is therefore affirmed.

*Decree affirmed.*

Mr. Justice Sheldon took no part in the decision.