ELDRIDGE M. FOWLER and Others v. C. VANDAL and Others.[1]

November 22, 1901.

Nos. 12,718—(53).

**Vacating Village Plat.**

The question as to the expediency and propriety of vacating a town or village plat under and pursuant to the provisions of G. S. 1894, §§ 2315-2317, is one that rests in the sound discretion of the court to which application is made, and its conclusions in the premises are not open to review, except in a case of clear abuse of such discretion.

**Petition—Original Owners.**

The statutes referred to authorize the vacation of a town or village plat upon the petition of the proprietors or owners thereof at the time application is made, and the relief there provided for is not limited to the owners or proprietors who originally platted the same.

[1] Reported in 87 N. W. 1021.

G. S. 1894, §§ 2315–2317.

> Such statutes do not authorize streets and alleys between lots and blocks, or which connect separate plats, to be vacated, unless the plats or lots or blocks so connected are also vacated; but this does not preclude the vacation of the streets or alleys connecting separate plats, where one of the plats so connected is wholly vacated.

Judgment.

> Evidence examined and considered, and *held* to justify the judgment appealed from.

Proceedings in the district court for St. Louis county by Eldridge M. Fowler and others for the vacation of the plat of the townsite of Eveleth. C. Vandal and others, owners of certain lots in said townsite, objected to the vacation. The matter was heard before Dibell, J., who made findings of fact and as conclusion of law found that the petitioners were entitled to judgment vacating the plat, except certain specified portions thereof, upon payment into court, for the benefit of the objectors, of the damages awarded them. From a judgment entered pursuant to the findings, the objectors appealed. Affirmed.

*F. F. Wilde,* for appellants.

*M. H. Stanford* and *John G. Williams,* for respondents.

BROWN, J.

This is an appeal from a judgment of the district court of St. Louis county vacating the plat of the village of Eveleth.

It appears from the record before us that the original plat of the village was made and filed with the register of deeds on April 22, 1893. A number of lots included in said plat were subsequently sold to various parties, who erected dwelling houses thereon, some of whom have since been, and now are, in the possession and occupancy of the same. All deeds executed and delivered to such parties contained a reservation of all mineral rights in the soil beneath the surface. It appears that beneath the town site is a large body of iron ore, approximating seven million tons, and of the value of three million dollars and over, and that it is not practicable to mine and remove the same unless the plat of the village be vacated and set aside, as the removal of the ore

will result in the caving in of the surface of the earth. The peti-tioners are the present owners of the land included in the plat, and also of the minerals underlying the same, and, as such, petition to have the plat vacated. Appellants are the owners of certain of the lots included in the plat, and they resist and oppose the petition.

The learned trial court found the facts as stated, and after assessing and allowing to appellants, as lot owners, the damage sustained by them, ordered the plat vacated, and judgment was entered accordingly. The entire plat was not vacated. That portion owned by the appellants, and the streets and alleys adjacent to their property, were not included in the order or judgment; and the plat, in so far as their property is concerned, remains of record and of full force and effect.

Several assignments of error are urged by the appellants, but it is unnecessary to consider them all. Some are without special merit, and others are included in the main propositions involved in the case. The proceedings are conducted pursuant to the provisions of G. S. 1894, §§ 2315–2317.

1. The first point made by appellants is that the petitioners, the present owners of the land covered by the plat, are not entitled to the relief prayed for under the statutes referred to. Their contention is that the statutes authorize the vacation of town plats only on the petition of the person or persons who originally platted the same.

The sections of the statutes referred to provide that the district courts of the state may, upon application by one or more of the proprietors of a city or town to alter and vacate the same, including the streets and public squares, adjudge and declare the same vacated, and the title to all streets, alleys, and public grounds to be in such persons as are entitled to the same by law. Appellants contend that this refers to the original, and not to any subsequent, proprietor or proprietors. The statutes are clearly not susceptible to so strained a construction. There can be no serious doubt that the legislature intended to confer the right to have town plats vacated upon the persons who own the land at the time

application is made to the court. If it be held that the legislature intended to limit the application of the statutes to the original proprietors only, the law would have very little practical value. The original proprietor or owner may have disposed of his interest in the land covered by the plat, in which case he would have no interest in proceedings to vacate, and could not maintain them, because all legal proceedings must be conducted by the real party in interest. So we conclude that the statutes authorize such plats to be vacated on the application of those who own the property at the time application is made therefor.

2. The plat sought to be vacated was originally laid out as the village of Eveleth, but subsequently additions thereto were platted by owners of adjoining land. The first addition, so called, adjoined the original plat on the east; and all the business houses and residences, save the homes of appellants, have been moved to and are now located thereon. Appellants in this case, as we understand it, are the only persons now occupying property on the original plat. At any rate, they are the only persons now objecting to the vacation. Certain of the streets on the original plat connect with streets in the new addition, and the claim is made that these streets, or any part thereof, could not be vacated, under the statutes, unless both the original plat and the addition thereto be also vacated.

The statutes provide that no street or alley, or any part thereof, shall be vacated between blocks or lots, or which connect two parts of the town or addition, unless such lots or blocks, or the parts of the town or addition so connected, are also vacated. If counsel's construction of the statute be the true one, in order to justify the vacation of the original plat of any town to which has subsequently been attached an addition with connecting streets, it would be necessary to vacate the plat of the addition, as well as the original plat. Such was clearly not the intention of the legislature. The statute must be given a reasonable interpretation, and one that will effectuate the objects provided for, rather than one that would render it of no force or effect. This statute must be construed to mean that streets or alleys connecting separate plats, or between lots or blocks, shall not be

vacated between such lots or blocks, or different plats, as are not also vacated.

Certainly the original plat or any separate addition thereto may be vacated, even though its streets connect with the plat or addition not vacated. There is no reason why the streets connecting the unvacated with the vacated plat should be left undisturbed. To hold so would render the statute wholly inoperative. In this case the entire original plat, save blocks 19, 20, and the east half of 18, in the southeast corner of the plat, was vacated, but the streets and alleys adjacent to the blocks not vacated were not disturbed. Access to the addition on which the village is now located is free, and was in no way affected by the judgment.

3. The matter of altering, laying out, vacating, or discontinuing streets, highways, and public grounds is legislative. The legislature has the exclusive privilege of determining when and under what circumstances and conditions streets may be vacated or changed. The authority and power may be exercised by direct action, or may be, and generally is, delegated by that branch of the government to administrative boards of municipalities. Such authority is delegated in this instance, under the statute in question, to the district courts of the state. The statutes contain no restrictions or conditions with respect to when or under what circumstances the streets and alleys contained in a town plat may be vacated, and it must be assumed, in the absence of some specific direction on the subject, that the legislature intended to commit the question as to the expediency and propriety of the vacation to the sound discretion of the tribunal authorized to act. What reasons are or may be sufficient to justify vacation are matters therefore almost exclusively for such tribunal to determine, and its conclusions are not subject to review, except, perhaps, in cases where its discretion is clearly abused. Elliott, Roads & S. (2d Ed.) § 879; Glasgow v. St. Louis, 107 Mo. 198, 17 S. W. 743.

The findings in this case do not disclose the reasons prompting the court to grant the relief prayed for, and we must look to the evidence returned in the record to ascertain whether the judgment appealed from is fairly within its discretionary powers.

We have examined the evidence with care, and find no reason for questioning the judgment of the court below. The facts that the town site is for the greater part wholly unoccupied, that minerals of great value underlie the same and that no one is especially injured by the vacation, were sufficient to warrant the court in vacating the plat. Neither that part of the plat vacated, nor the streets thereof, is in any essential way useful to the appellants, who occupy lots in the southeast corner of the original plat, and adjoining the business portion of the present village, and they are in no substantial way interfered with. It is not a taking of private property for a private use. Appellants have no property right in the continued existence of the streets and alleys vacated. They are not adjacent to, or essential to the free and convenient use and enjoyment of, the property owned by them, and their vacation does not deprive them of a public way to and from the village. The damages awarded by the court are, in our judgment, full and adequate compensation for any injury occasioned them, and their constitutional rights are in no way infringed or violated. Elliott, Roads & S. (2d Ed.) §§ 877, 878, and cases cited.

We have examined all the assignments of error, and the carefully prepared brief of appellants, but find no reversible error in the record.

Judgment affirmed.