STATE ex rel. SCHOOL DISTRICT NO. 51 IN WASECA COUNTY v.
CHARLES H. BAILER.[1]

December 24, 1903.

Nos. 13,688—(167).

**Liquor License.**

The rule as to the repeal of a special law by a general law containing
no repealing clause considered, and *held* that Sp. Laws 1889, c. 443, pro-
viding for the payment of license money for the sale of intoxicating liq-
uors in the unincorporated village of Alma City, was not repealed by
Laws 1903, c. 201, providing for the payment of all money received for
licenses for the sale of intoxicating liquors outside of incorporated
cities and villages into the county and town road and bridge funds.

Appeal by relator from a judgment of the district court for said
county, Buckham, J., dismissing relator's petition for a writ of man-
damus. Reversed and judgment ordered in favor of relator.

*John Moonan,* for appellant.

*F. B. Andrews,* for respondent.

START, C. J.

The relator is a duly organized school district of the county of Wase-
ca, situated within the unincorporated village of Alma City. An al-
ternative writ of mandamus was issued by the district court of the
county of Waseca upon the petition of the relator requiring the re-
spondent as county auditor of the county to execute and deliver to the
treasurer of the relator his warrant on the county treasurer for the sum
of $500 paid into the county treasury as license money for the sale of
intoxicating liquors in the village of Alma City, or show cause to the
contrary. The respondent answered to the effect that by Laws 1903, p.
305 (c. 201) he was, as such county auditor, required to apportion one-
half of the sum so paid into the county treasury to the county road and
bridge fund and the other one-half thereof to the treasurer of the town
of Alton, being the township of which the village is a part, and in and
for which the license was granted. The district court, as a conclusion
of law, directed judgment for the respondent dismissing the petition

[1] Reported in 97 N. W. 670.

on the merits. Judgment was so entered, from which the relator ap-. pealed.

The sole question presented for our decision by the record is whether Sp. Laws 1889, p. 1112 (c. 443) providing that all proceeds of licenses granted for the sale of intoxicating liquors in the village of Alma City shall be appropriated to school purposes and paid to the treasurer of the relator, was repealed by Laws 1903, p. 305 (c. 201) providing that:

> "All moneys received from licenses issued by the board of county commissioners to sell intoxicating liquors in any township of this state, outside of the incorporated villages and cities, shall be disposed of as follows: One-half of said moneys shall be paid into the county treasury and be placed in the county road and bridge fund and one-half of said moneys shall be paid into the treasury of the township for which such licenses may be issued, to be used for the construction and maintenance of roads and bridges within such township, the same to be expended under direction of the town board."

This general law contained no repealing clause. The rule in such a case is well settled. Repeals by implication are not favored, and a general statute without negative words or positive repugnancy will not repeal by implication an existing prior special law, unless the intent to do so is unequivocally manifest. The general law is usually presumed to have only general cases in view, and not particular cases, which have been provided for by special laws. Moss v. City of St. Paul, 21 Minn. 421; State v. Archibald, 43 Minn. 328, 45 N. W. 606; State v. McCardy, 62 Minn. 509, 64 N. W. 1133; State v. Egan, 64 Minn. 331, 67 N. W. 77. But if it clearly appears from the general law that it was intended to prescribe the only rule which should govern in the case provided for, it repeals by implication a prior special law relating to the same subject. Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375.

It is the contention of the respondent that this case falls within this proviso, and is ruled by the Nicol case. The argument in support of the claim is, briefly stated, this: At and prior to the time the special act in question was passed down to the time when the general act became a law it was the settled policy of the state, as provided by statute,

to turn over to the school fund of the county all moneys derived from licenses for the sale of intoxicating liquors outside of incorporated cities and villages. The special law was no departure from this policy, but the general law was, and it was intended to be uniform in its operation, and to cover the entire subject of the disposition of moneys for licenses for the sale of intoxicating liquors outside of unincorporated cities and villages. Hence tne general law repealed the special one by necessary implication. There is much force in this reasoning, but we cannot accept it as conclusive. When the legislature enacted the special law here in question, it presumably considered that the special facts, such as special needs and limited revenue, distinguished the relator from the other school districts of the county, and it made special provisions for it. The special relief granted was to except the license money here in question from the general rule requiring all license money to be paid to the county school fund, and provided for its payment to the relator. The presumption is that the legislature did not intend to repeal this particular provision, which it had already considered, by the general law.

There is nothing necessarily inconsistent between the special provision for the relator and the general law which may fairly be construed as requiring all license money for the sale of intoxicating liquors outside of incorporated cities and villages which theretofore was paid to the county school funds to be paid to county and town road and bridge funds, leaving the special act to stand as an exception to the general one. We accordingly hold that Sp. Laws 1889, p. 1112 (c. 443) was not repealed by Laws 1903, p. 305 (c. 201) and that the judgment appealed from must be reversed, and the case remanded to the district court to change its conclusion of law so as to direct judgment for the relator for the relief prayed.

So ordered.