MARY L. TOWNSEND and Another v. UNDERWOOD'S SECOND ADDITION TO CITY OF ST. PAUL.[1]

January 8, 1904.

Nos. 13,694—(170).

**Vacating Plat.**

The district court of Ramsey county has power and authority, under G. S. 1894, § 2315, to alter or vacate any part of the plat of the city of St. Paul or of its additions, including streets and public squares, and to adjudge and declare the title to such streets and public squares in the parties entitled thereto, notwithstanding a charter provision whereby sole

[1] Reported in 97 N. W. 977.

and exclusive power to vacate or discontinue public grounds, streets, highways, and alleys in that city is vested in the common council.

Application in the district court for Ramsey county by Mary L. Townsend and another for the vacation of the plat of Underwood's Second Addition to the city of St. Paul. The matter was heard before Kelly, J., who found as a conclusion of law, that the court was without jurisdiction to grant relief. From a judgment entered pursuant to the findings, petitioners appealed. Reversed and remanded.

*Charles J. Berryhill*, for appellants.

COLLINS, J.

Upon petition in due form presented to the district court, it refused to vacate the town plat mentioned therein upon the ground that it was without jurisdiction to grant any relief in the matter. It held that the city council of the city of St. Paul, wherein the land was situated, had sole and exclusive jurisdiction and authority in the premises by reason of section 15, p. 14 (c. 4) of the city charter, which reads as follows:

> "The common council of said city shall have the sole and exclusive power to vacate or discontinue public grounds, streets, alleys and highways within said city."

It is conceded that a right to adopt this provision in the home-rule charter was within the power granted to the people of the city when there was conferred upon them the right to frame and adopt such an instrument, because the power and authority to frame a charter extended, of necessity, to all powers belonging to the government of municipalities. State ex rel. v. O'Connor, 81 Minn. 79, 83 N. W. 498. But the power and authority to vacate and discontinue public grounds, streets, alleys, and highways in a municipality is altogether different from the power and authority which for many years has been vested in the district court under G. S. 1894, § 2315. By this statute district courts are not only authorized and empowered, upon proper application, to alter or vacate any part of a city or town, or addition thereto, including streets and public squares, but also to adjudge and declare the title to such streets, alleys, and public squares in such persons as are entitled to the same. No such authority is or could be conferred upon a city council, and a mere reading of the charter provision

will show that no power or authority was attempted to be vested, equivalent to that given to the district courts. The statute is general in its operation, and it was never intended that it should be repealed or interfered with by any provision which the people of St. Paul might incorporate into their charter, even if the whole subject, including a determination of the title to public grounds, streets, and alleys—purely a judicial function—could be delegated to the city council.

It is not necessary for us to determine to what extent the city council may proceed under this charter provision, and all that we decide is that the district court still has jurisdiction to vacate town sites—a power and authority long ago delegated to it by the legislature, as was held in Fowler v. Vandal, 84 Minn. 392, 87 N. W. 1021. See also Case v. Frey, 24 Mich. 252.

The judgment is reversed, and the case remanded, with instructions to the court below to pass upon the merits of the application.