# HENRY L. BALCH v. ST. ANTHONY PARK WEST.[1]

May 7, 1915.

Nos. 19,372—(247).

**Vacation of streets in St. Paul.**

1. Section 3369, R. L. 1905, as amended by chapter 503, Laws of 1909,

[1] Reported in 152 N. W. 643.

129 M.—20.

deprives the district court of the authority to vacate or alter the public streets or alleys in the city of St. Paul, since the charter of said city provides a method for vacation of streets dedicated to the public by the city authorities under the first proviso of said section as amended.

**Title of act.**

2. The title of chapter 503, Laws 1909, does not so limit or restrict the act as to exclude the subject of vacation of plats or streets.

**Classification of cities.**

3. Nor is the act open to the attack of making an arbitrary classification of municipalities in that it excepts cities of the first class having a special charter from its operation, for, irrespective of the proviso, such cities would not have their special charters repealed or affected by implication.

Henry L. Balch and others petitioned the district court for Ramsey county to vacate the plat of St. Anthony Park West so far as blocks 2, 5 and 8, except as to the portions of three streets affected thereby or abutting thereon, were concerned. The matter was heard before Dickson, J., who granted the petition to vacate the plat but denied petitioners' application to vacate the public streets or alleys. From that order, petitioners appealed. Affirmed.

*Harry A. Hageman,* for appellants.

HOLT, J.

In this application to vacate the plat to part of an addition in the city of St. Paul, the court vacated the plat, but refused to vacate or take any action in respect to the public streets and alleys. The applicants appeal.

The court was evidently of the opinion that section 3369, R. L. 1905, as amended by chapter 503, p. 635, Laws 1909 (section 6863, G. S. 1913), vested the vacation and alteration of public streets, within the city of St. Paul, in the city government to the exclusion of the district court, for otherwise the findings of fact would require a vacation of the streets and alleys involved. Appellants rely for reversal upon Townsend v. Underwood's Second Addition, 91 Minn. 242, 97 N. W. 977. In that proceeding the district court refused to entertain jurisdiction because of this provision of the city charter: "The common council of said city shall have

the sole and exclusive power to vacate or discontinue public grounds, streets, alleys and highways within said city." This court, conceding that the charter provision was enacted pursuant to the power conferred upon the people, nevertheless held that the authority vested in the district court by section 2315, G. S. 1894 (section 3369, R. L. 1905, before the amendment of 1909), was not revoked or impaired; that the authority therein delegated to the courts in the premises was of such nature that it could not be exercised by the common council.

But now, if the amendment of 1909 be valid, the language of said section 3369 indicates clearly an intention of the legislature to withdraw from the jurisdiction of the district courts the vacation of streets in every city "organized under a charter or special law which provides a method of procedure for the vacation of streets and public grounds by the municipal authorities of such city." The charter of St. Paul provides a method for vacation of streets and public grounds by the city authorities. Public streets and grounds are within the control of the legislature and it may confer the power to alter or vacate the same. It is held in Fowler v. Vandal, 84. Minn. 392, 87 N. W 1021: "The matter of altering, laying out, vacating, or discontinuing streets, highways, and public grounds is legislative. The legislature has the exclusive privilege of determining when and under what circumstances and conditions streets may be vacated or changed. The authority and power may be exercised by direct action, or may be, and generally is, delegated by that branch of the government to administrative boards of municipalities."

The validity of chapter 503, p. 635, Laws 1909, is assailed because of its title. The act is entitled: "An act to amend three thousand three hundred sixty-nine (3369) [sic] of the Revised Laws of 1905, relating to the survey and platting of lands." The argument is: The last clause restricts the scope of the act to matters relating to the survey and platting of lands, and the vacation of plats and public grounds therein dedicated and described is not germane to the subject of surveying and platting, hence the law must fail. We cannot agree to this. In the Revised Laws of 1905

the section, or numerical subdivision, 3369, is the last one of five sections, or subdivisions, in a chapter (64) headed "Plats." The chapter relates to plats, surveys and vacations or alterations of such plats or surveys. The first part of the title to said chapter 503 would undoubtedly have been legally adequate without the addition of the last clause therein. State v. Erickson, 125 Minn. 238, 241, 146 N. W. 364. And it cannot be said that matters of vacating plats or platted public streets are wholly foreign to plats and surveys so that there is anything vicious or misleading in the last clause of the title. It may be true that the title is restrictive. But the restriction is not in the phrase "relating to the survey and platting of lands;" it is in confining the amendment to section 3369. The logic of the decision of Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104, cited by appellants, when applied to this case, is that the last clause in this title should be read in connection with and be restricted by the first; and so read we do not think appellants' objection of defective title well founded.

By holding that the amendment of 1909 withdrew the vacation of streets, dedicated to public use by platting, from the jurisdiction of the district courts, in municipalities coming within its provision, it is not determined that the title to public grounds may not be litigated in proper actions or that after the administrative body of the city, upon which may be conferred the power to vacate, has acted, the court may not proceed to adjudicate the title of the vacated street or public ground. But as already indicated the legislature may, if it sees fit, vest the authority to vacate or alter public streets and grounds in an administrative body of a municipality to the exclusion of courts. We think that this was intended by the first proviso of the amendment of 1909. There can be no doubt of the wisdom of the policy making a change in the streets and public highways of a city or village the business of its municipal government, rather than of the courts.

Appellants' third objection to the amendment of 1909 is that the whole law is invalidated by the arbitrary classification attempted in the last proviso: "Provided, that the provisions of this act shall not apply to nor be affected in any city of the first class hav-

ing and operating under a special charter." It is said this excepts the city of Minneapolis from operation of the law so that as to streets therein the courts may still alter or vacate. Such is not the fact, for by the act of the legislature as expressed in section 3 of chapter 8 of the charter of Minneapolis (Chapter 76, p. 459, Sp. Laws 1881), the authority to vacate plats, streets and public highways in said city is vested exclusively in the city council, "and no court or other body, or authority shall have any power to vacate any such highway, street, lane or alley, nor any plat or portion of any plat of lands within said city." Chapter 503, p. 635, Laws 1909, contains no general repealing clause, and a repeal of the special law governing the subject in question in the city of Minneapolis, or in any other city existing under a charter granted by the legislature, cannot be implied. State v. Egan, 64 Minn. 331, 67 N. W. 77; State v. Bailer, 91 Minn. 186, 97 N. W. 670. Without the proviso the law as amended would not have modified or in any manner affected street vacation in the city of Minneapolis. The proviso made clear that it was not intended to affect that city. It seems to us the question of arbitrary and forbidden classification of municipalities is not involved.

We think the trial court rightly construed section 3369, R. L. 1905, as amended (section 6863, G. S. 1913).

Order affirmed.