**In the Matter of the Application of Mitchell BATINICH and Janis. E. Batinich, his Wife to Alter Certain of the Restrictions in the Recorded Plat of the First Division, Eastview Addition to Eveleth and to Modify Dedicated Utility Easements, Respondents,**

**v.**

**Richard HARVEY, et al., objectors, Appellants.**

**No. 48586.**

Supreme Court of Minnesota.

March 9, 1979.

---

3. An accommodation party is a surety. M.S.A. 336.3–415, Minnesota Code Comments, 416–18.

Greenberg, Bloomquist & Colosimo, Virginia, for appellants.

Patrick D. O'Brien, Cotton, for respondents.

Heard before KELLY, YETKA, and WAHL, JJ., and considered and decided by the court en banc.

YETKA, Justice.

This is an appeal by Richard and Nancy Harvey and Edward and Frances Kirby from an order of St. Louis County District Court, filed January 6, 1978, in favor of respondents Mitchell and Janis Batinich,

voiding a covenant restricting use of land to residential purposes. We reverse and remand.

In 1955, the owners of certain real estate located within the city of Eveleth, St. Louis County, Minnesota, platted certain property known as First Division, Eastview Addition to the city of Eveleth. The official plat was duly recorded in the office of the register of deeds in St. Louis County. Attached to the plat was a "Plan of Improvement" in which some of the property was designated residential and some of the property was designated commercial, but all such designations or restrictions were to expire on January 1, 1986. Most of the land contained in the plat was vacant.

After the land had been platted, Highway No. 53 was rerouted to the east of the plat, and Hat Trick Avenue, a service road, was built directly west and parallel to Highway No. 53. At that time no commercial developments were located along the rerouted highway east of the plat.

Subsequent to the construction of Highway No. 53, commercial businesses were built west of Hat Trick Avenue and adjacent to the east line of the plat. These businesses included Holiday Inn and Sloven Motels, Five Seasons Sports Center, General Electric, Mr. Mitch's, and the Junte Apartments. However, all these developments are outside the Eastview plat, and, except for the Junte Apartments, all are along essentially one boundary of the plat. The city assessor has placed a valuation on these businesses that is higher than the total valuation of all the businesses on Grant Avenue and Fayal Road, formerly the main business area of Eveleth.

Between 1971 and 1974 the respondents acquired their interests in lots within the plat in question. In 1975, the appellants purchased land in the plat and built a home located in the block just to the west of Polk Avenue. Appellants were aware of the restrictions on the plat and the commercial development adjacent to the plat.

The land involved in this appeal is restricted residential land lying between Hat Trick Avenue and Polk Avenue. (See Appendix.) It is bordered on the west by Polk Avenue, on the southwest by Washington Street, and on the east by land outside the plat owned by the respondents, which is zoned commercial. The eastern line of the plat is irregular, ranging from 170 feet to 20 feet from Hat Trick Avenue. Respondents sought to alter certain of the restrictions in Lots 1, 2, 3, 4, 5, 6, 7, 8, and the northerly 40 feet of Lot 9, Block 5; Lot 4, Block 10; Lot 1, Block 11, and a part of Polk and Washington abandoned by a city council resolution, all lying in the First Division of Eastview Addition, pursuant to the provisions of Minn.St. 505.14. The city of Eveleth is now building a sewer along Polk and Washington. Because the land slopes down to the east the sewer line is too high to service land in the plat. Without a pump to service that residential area, any sewer service would have to come from the east, i. e., Hat Trick Avenue. The city had also rezoned this property as commercial before commencement of the district court proceedings.

In September 1977, respondents commenced proceedings to remove the restrictions from the plat pursuant to Minn.St. 505.14. Respondents served notice of the proceedings by publication by posting notice. The case was heard in the district court in Duluth.

The issues raised on this appeal are:

1. Does Minn.St. 505.14 afford the proper procedure to bring an application to remove restrictions contained in a "Plan of Improvement" found in a recorded plat?

2. Does the notice procedure under § 505.14 violate appellants' constitutional right of due process? Does the provision violate the due process rights of other landowners who might be affected by the removal of the restrictions?

3. Was due process violated by having the hearing venued in Duluth, Minnesota?

4. Does the evidence warrant the removal of the restrictions?

1. Minn.St. 505.14 provides in part:

" * * * [T]he district court may vacate or alter all, or any part, of such plat, and adjudge the title to all streets, alleys, and public grounds to be in the persons entitled thereto * * *."

Appellants argue[1] that this section does not provide an appropriate procedure for the removal of restrictions embodied in the plan of improvement.

Respondents contend that *Etzler v. Mondale,* 266 Minn. 353, 123 N.W.2d 603 (1963), is analogous to the instant case. In *Etzler,* the applicant had dedicated property to the village of Golden Valley for use as a park. The property was never used as a park, was not improved, and was left vacant, except for a period of 3 years when sewer pipes and equipment were stored there. The village passed a resolution stating the land was unfit for purposes of a park and delivered a quitclaim deed to the dedicator. She then successfully brought suit under § 505.-14 to have the restriction vacated and complete title returned to her.

Although *Etzler, supra,* and the present case both involve an effort to remove a restriction on the use of land, they have one fundamental difference: *Etzler* involved private land dedicated for a public purpose; the instant case involves private land subject to a private restriction.

In the past this court has stated that courts have the power under § 505.14, or its predecessors, to vacate plats, streets, and alleys. *Etzler v. Mondale,* 266 Minn. 362, 123 N.W.2d 610; *Townsend v. Underwood's Second Addition to City of St. Paul,* 91 Minn. 242, 243, 97 N.W. 977 (1904).

In *Fowler v. Vandal,* 84 Minn. 392, 87 N.W. 1021 (1901), the court vacated part of a plat which had been used for private purposes. In that case, the city of Eveleth had divided a plat into a number of lots and sold them to parties who erected homes on the lots. The deeds contained a reservation for mineral rights. Some of the landowners brought suit under G. S. 1894, §§ 2315–2317, predecessor to § 505.14, to have the

plat vacated. The trial court vacated part of the plat. The land owned by appellants and the streets and alleys adjacent to their land was not included. This court affirmed the trial court on the basis that the town site was largely unoccupied, the minerals were of great value, and no one was especially injured by the vacation. Also, the streets and alleys vacated were not adjacent to or essential to appellants' use of their property or necessary for public travel and adequate compensation was paid. 84 Minn. 397, 87 N.W. 1023. However, in *Fowler* the issue whether the use of this statute was an improper procedure was not raised.

■ It appears to us that § 505.14 was intended for the vacation of streets and alleys, and even for abandonment of parks and recreational areas, but was never intended to be used as respondents suggest here, that is, for the removal of restrictions on the use of land which inure to the benefit of each and every landowner within the plat. An action for declaratory judgment seems more appropriate. However, since the use of the statute has been broadly construed, we do not hold that the action is invalid for that reason.

■ 2. However, whether § 505.14 or the declaratory judgment statute is being used, due process requires notice to all affected parties. The notice set out by the statute is not sufficient to comply with due process. Nor are we satisfied with the argument that the trial court should exercise jurisdiction against those landowners who were personally served and did choose to litigate the issues. This court should not be faced with the probability of future lawsuits brought by owners who were not served with notice. All affected parties should be served and all issues litigated in one trial. As we said in the *Etzler* case:

"However, it would seem that, while applicant was authorized to proceed under § 505.14, no effort or attempt was

---

1. Appellants also argue that this is actionable under the adverse claims provisions in Minn.St. c. 559. That statute is inapplicable because respondents do not claim title to property in which others claim an adverse estate, interest, or lien. Minn.St. 559.01.

made to accord due process to the purchasers of lots within the platted area. * * * It is true that under this section provision is made for publication and posting of notice of proceedings to vacate platted areas, but under circumstances such as are presented in this case, in our opinion this method of obtaining service would fall far short of due process under the Fourteenth Amendment of the Federal constitution as construed by the United States Supreme Court. * * *.

"In future proceedings under § 505.14, it should be kept in mind that adequate service must be made upon owners or occupants of land within the platted area, and that service by the publication and posting of notice of the procedure, as provided in § 505.14, will be deemed inadequate. * * *." 266 Minn. 364, 123 N.W.2d 611.

In spite of that admonition, all owners within the plat were not served with notice, thus the case must be remanded for a new trial following such notice.

■ Respondents, as well as appellants, acquired title to their land with knowledge of the restrictions therein. While those restrictions may be removed by a showing of such a radical change in the character of the neighborhood that the very purpose of the restrictions is defeated, that essential question can be answered only if all property owners within the plat have received proper notice and been given an opportunity to litigate. While the maps and exhibits introduced by the parties would seem to indicate that the lots from which the restrictions are sought to be lifted offer only a narrow buffer zone between appellants' homes and already existing commercial development to the east, it could be that that small buffer is sufficient to uphold the quietude and dignity of the residential area. The restrictions, by their original terms, terminate in 1986. It is not too much to expect one who seeks to remove those restrictions at an earlier date to serve all property owners protected by the restrictions. Due process requires it.

■ 3. Appellants contend that due process and equity were violated because venue for the hearing was in Duluth, whereas the regular St. Louis County proceedings are held in Virginia.

Minn.St. 484.49 prescribes that in St. Louis County:

"All civil actions brought in the district court of the county against any person or persons, firm, or corporation residing in the county, shall be tried, heard, and determined at the place of holding regular or adjourned terms of the district court which is nearest, by the usual route of travel, to the residence of the defendant or defendants, or the majority thereof, * * * and, for the purpose of determining the place of residence of domestic corporations, such a corporation shall be considered as residing at any place where it has an office, resident agent, or business place * * *."

It is clear that the purpose behind this provision is to provide for the convenience of defendants. On this basis, it appears that the respondents should have brought suit in Virginia, only 5 miles from Eveleth.

While we believe that the statutes contemplate the bringing of this action in the city of Virginia and then either party would have the right to move for a change of venue, since appellants in their original objections did not raise the issue of venue, we do not deem it fatal nor does it have a bearing on our opinion in this case.

4. Since we hold that the case must be remanded, we need not decide the issue whether the evidence warrants removal of the restrictions as to these appellants.

The case is reversed and remanded to the district court. The issues raised should be determined either in a new action brought for declaratory judgment, or in continuation of this action as brought under § 505.-14, at the election of respondents. In either event, all persons having any interest in the land within the plat of the First Division, Eastview Addition to the city of Eveleth shall be made proper parties to the suit. Venue shall be set at Virginia, Minnesota, subject to the right of any party to move the court for change of venue.

APPENDIX