LOUIS ARZONICO ET AL. v. BOARD OF EDUCATION OF THE TOWN OF WEST NEW YORK.

Submitted March 23, 1907—Decided June 10, 1907.

1. The remedy given by the third section of the Mechanics' Lien law to persons who furnish materials used in the erection of a public building is not taken away by the act of March 3d, 1892, entitled "An act to secure the payment of laborers, mechanics, merchants, traders and persons employed upon, or furnishing materials toward, the performance of any work in public improvement in cities, towns, townships and other municipalities in this state."

2. Where a new remedy is authorized by statute, without an express repeal of a former one relating to the same subject-matter, and the new remedy is not inconsistent with the former one, the statute is to be regarded as creating a concurrent remedy, and not as abrogating the former one.

Demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the demurrant, *John J. Mulvaney.*

For the plaintiffs, *Raymond P. Wortendyke* and *Robert L. Lawrence.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an action under the third section of the Mechanics' Lien law. The declaration contains the usual averments showing a cause of action against the owner of the building by a materialman, under the provisions of that section. The single ground upon which the demurrer is rested is that, since the passage of the act of March 3d, 1892, entitled "An act to secure the payment of laborers, mechanics, merchants, traders and persons employed upon, or furnishing materials toward, the performance of any work in public improvements in cities, towns, townships and other municipalities in this state" (*Gen. Stat., p.* 2078), that act provides the only method by which a laborer, or material-

man, may obtain and enforce a lien upon funds in the hands of a municipality payable for any work of public improvement done by contract in such municipality.

Except for this statute the right of the plaintiff to pursue the remedy given by the third section of the Mechanics' Lien law against a municipality is clear. *Frank* v. *Freeholders of Hudson,* 10 *Vroom* 347. And a municipal board, in making a contract for the erection of a municipal building, acts as the agent of the municipality, and the contract which it enters into is the contract of the municipality. *Herman and Grace* v. *Freeholders of Essex,* 64 *Atl. Rep.* 742; affirmed by the Court of Errors and Appeals, June Term, 1907. The contention of the demurrant, therefore, can only be supported upon the theory that the act of 1892 repealed the third section of the Mechanics' Lien law, so far as it afforded a remedy to persons doing work upon, or supplying material to, a public building.

The act contains no express repealer. If it has the effect claimed, the repealer must be by implication. It is universally agreed that repeal by implication is not favored. Where no repealing words are inserted in the later act, a strong presumption arises that no repeal was intended. *Plum* v. *Lugar,* 20 *Vroom* 557. It is a well-settled rule of construction applicable to all remedial laws that where a new remedy or mode of procedure is authorized, without an express repeal of a former one relating to the same matter, and the new remedy is not inconsistent with the former one, the act is to be regarded as creating a concurrent remedy, and not as abrogating the former mode of procedure. *Randebaugh* v. *Shelley,* 6 *Ohio St.* 307. It is to be observed that the remedy given by the third section of the Mechanics' Lien law is for materials furnished to, or work done upon, *public buildings,* while the act of 1892 secures payment for work done upon, or materials furnished toward, any public improvement, and the rule of construction to which we have referred is peculiarly applicable where the later statute embraces cases not covered by the former legislation. *Sedgw. Stat. & Const. L.* (*2d ed.*) 100.

We find nothing in the remedy provided by the act of 1892 inconsistent with that given by the third section of the Mechanics' Lien law in cases like the present.

The plaintiff is entitled to judgment on the demurrer.