JOSEPH BORGERDING AND OTHERS v. VILLAGE OF FREEPORT AND OTHERS.[1]

February 19, 1926.

No. 25,123.

**Acts of 1919 and 1925 did not impose conditions on villages or cities of fourth class in making public improvements.**

1. L. 1919, c. 65, and L. 1925, c. 382, grant powers and are not construed as imposing conditions or limitations on the municipalities therein mentioned to make public improvements.

These laws are cumulative in their application.

They are not repugnant but are reconcilable.

Neither of these laws creates any repeal by implication.

**Villages organized under act of 1885 have option of three methods of paving.**

2. Villages organized under L. 1885, c. 145, may at their option proceed with a street paving improvement in one of three methods: (a) Under L. 1885, c. 145; (b) under L. 1919, c. 65; (c) under L. 1925, c. 382.

[1]Reported in 207 N. W. 309.

Municipal Corporations, 28 Cyc. p. 960 n. 37.
Statutes, 36 Cyc. pp. 1071 n. 25; 1072 n. 28, 29; 1074 n. 37; 1075 n. 36; 1076 n. 39; 1077 n. 42; 1079 n. 44.

Action in the district court for Stearns county to restrain defendants from letting a paving contract. From an order, Roeser, J., continuing a restraining order, defendants appealed. Reversed.

*W. J. Stephens, J. B. Himsl* and *Lancaster, Simpson, Junell & Dorsey,* for appellants.

*John D. Sullivan, F. G. Dorety, A. L. Janes* and *J. H. Mulally,* for respondents.

WILSON, C. J.

This is an appeal from an order continuing a restraining order preventing the village of Freeport from letting a contract for paving.

The village was organized pursuant to L. 1885, p. 148, c. 145. By section 30 a petition for such improvement must be signed by at least a majority of all the owners of real estate bounding both sides, and of the owners of at least half the frontage, of such street or part of street to be improved:

The village of Freeport never voted to come under chapter 9 R. L. 1905, and hence section 735 thereof as now amended, L. 1925, p. 391, c. 309, is not applicable.

Laws 1919, p. 62, c. 65, offered a plan for such street improvement without a petition, but this law was amended by L. 1921, p. 648, c. 419, G. S. 1923, § 1815, which requires a petition signed by 25 per cent of the property owners abutting upon such proposed improvement. This law is applicable to all villages and to all cities of the fourth class. It relates to street and alley improvements by laying and maintaining pavements, gutters and curbs thereon, of any material which it may deem suitable or by graveling or grading the same. Incidentally, it involves sewers and water pipes.

Laws 1925, p. 512, c. 382, relating to public improvements offers a plan for such improvement only in the event that a petition is filed, signed by the owners of at least 51 per cent in frontage of

the real property abutting on the parts of the street to be improved. This law is applicable to all villages, boroughs and cities of the fourth class and relates to street paving, sanitary or storm sewers, water mains, steam heating mains and street lights.

The defendant village of Freeport and its officers are doing the necessary acts to bring about street paving improvements and are proceeding upon a petition signed by 25 per cent of the property owners as provided in G. S. 1923, § 1815. They claim the existing right to act under such statute.

The plaintiffs bring this action upon the theory that L. 1925, p. 512, c. 382, requiring the petition to be signed by at least 51 per cent of the owners in frontage of real property abutting upon the street is the exclusive method (or at least its requirements must be met even if the municipality must also meet the requirements of other laws), under which the defendants may make their proposed improvement, and that L. 1925, p. 512, c. 382, places a restriction upon the authority of the municipalities mentioned to make such improvement by substantially increasing the number of the necessary petitioners.

Laws 1919, p. 62, c. 65, is a complete workable law. Pike v. City of Marshall, 146 Minn. 413, 415, 178 N. W. 1006; Lodoen v. City of Warren, 146 Minn. 181, 178 N. W. 741. The intention of the legislature is evidenced by the amendment, L. 1821, p. 648, c. 419, § 3, showing that it was the intention "to confer additional powers to all such municipalities."

Laws 1925, p. 512, c. 382, is also a complete workable law. It has a larger scope and a different method of procedure than L. 1919, p. 62, c. 65. Section 17 reads: "The provisions of this act shall be supplementary and additional to the powers in reference to the making of any such improvement now conferred by law on any such municipality." Neither of these laws contains a repealing clause.

Was there a repeal by implication? If L. 1925, p. 512, c. 382, repealed any law, it repealed L. 1919, p. 62, c. 65. But the legislature which passed chapter 382 amended chapter 65 by L. 1925, p. 241, c. 210, which was approved nine days prior to the approval

of chapter 382. If chapter 382 repealed all inconsistent laws it repealed L. 1901, p. 215, c. 167, which deals with a portion of the same subject matter. But it is clear that the legislature did not so intend, because by the next chapter, 383, it amended L. 1901, p. 215, c. 167, thereby recognizing its existence. If chapter 382 repealed the laws mentioned, it has also repealed the following: G. S. 1923, §§ 1205, 1206, 1207; L. 1921, p. 661, c. 425; G. S. 1923, § 1880, et seq.; L. 1921, p. 502, c. 331; and G. S. 1923, c. 10. Doubtless there are other laws that would be ended by such construction. Before such a sweeping change should be permitted the intent of the legislature should be clear. It would seem that, if the legislature intended to repeal any or all former laws applicable, it would have used language so indicating. It does not even make a reference to pending proceedings. The legislature may give additional powers to fourth class cities having home rule charters, but it seldom exercises its power to limit that granted in such charters.

Repeals by implication are not favored. State v. McCardy, 62 Minn. 509, 64 N. W. 1133, 25 R. C. L. 918. The legislature sometimes offers alternative methods for reaching the same result. In re School District No. 93, 155 Minn. 41, 192 N. W. 345; Sheldon v. Padgett, 144 Minn. 141, 174 N. W. 827; Washington v. Miller, 235 U. S. 422, 428, 35 Sup. Ct. 119, 59 L. ed. 295; Arzonico v. Board of Education, 75 N. J. L. 21, 69 Atl. 450. We think that both chapter 65, L. 1919, p. 62, and L. 1925, p. 512, c. 382, provide additional and supplementary powers. Village of Leipsic v. Wagner, 105 Oh. St. 466, 138 N. E. 863. We do not believe that it was the intention to impose additional and supplementary conditions or limitations on the municipal authority to make public improvements. In fact the language of the saving clause as now found in each should be construed as putting that question beyond dispute. State v. Archibald, 43 Minn. 328, 330, 45 N. W. 606. These laws are cumulative and create concurring powers. Messick v. Duby, 86 Ore. 366, 168 Pac. 628. Their language calls for such construction.

Where a new mode of procedure is authorized, without an express repeal of a former one relating to the same matter, and the new

remedy is not inconsistent with the former, the later act will be regarded as creating a concurrent mode and not abrogating the former mode of procedure. 36 Cyc. 1077. If it is not perfectly manifest, either by repugnancy which cannot be reconciled, or by some other means clearly showing the intent of the lawmakers to abrogate the former statute, both must be held to be operative. This has long been the rule. Wood v. U. S. 16 Pet. 342, 10 L. ed. 987. There is little, if anything, in either of these statutes that indicates that they were intended to supersede any other law. We think it was meant to add to and not to wholly replace the prior laws with the one new law. There is no reason why these laws may not stand with the prior laws relative to the same subject matter. Perhaps, as counsel for respondents argue, there may be some confusion, but not necessarily. If so, the legislature may readily meet that situation. We think it will be more practicable and workable to permit the municipalities coming within the scope of these laws to have their choice of procedure.

We are not unmindful of the rule of construction expressed by G. S. 1923, § 10929, but the pertinent part thereof which is invoked by respondent is "whenever such statute does, in fact, cover the entire subject matter of a former law  *  *  *  it shall be construed as repealing all former laws upon the same subject." As far as L. 1919, p. 62, c. 65, is concerned in this case, L. 1885, p. 148, c. 145, is the "former law." It contains 59 sections and covers all the things incidental to village government. Street improvement, the sole subject of chapter 65, is but one of the many things embraced therein. Clearly the later law does not "cover the entire subject matter," of the former. This statutory rule is equally inapplicable to L. 1925, p. 512, c. 382. However, this statutory rule of construction should not be given the same force, when so many laws are involved and the consequences may be of more importance than appears, as if just one prior act was involved and the complete consequence is obvious.

We reach the conclusion: (1) That it was the intention of the legislature that both L. 1919, p. 62, c. 65, and L. 1925, p. 512, c. 382,

grant powers and that these were not intended as restrictions upon authority to make public improvements; (2) that the authority given by these laws is cumulative or auxiliary; (3) that they are not repugnant but are reconcilable; (4) that neither of these laws creates any repeal by implication.

It follows that the appellants had the option to proceed in one of three methods: (a) Under L. 1885, p. 148, c. 145; (b) under L. 1919, p. 62, c. 65, as amended; (c) under L. 1925, p. 512, c. 382. They chose the second method. Their petition is sufficient.

Reversed.