## PETTERS & COMPANY v. A. J. VIEGEL.[1]

May 14, 1926.

No. 25,229.

**Statutes do not violate state Constitution.**

1. Sections 7437-7439, G. S. 1923, are not open to the objection that they are special or class legislation in contravention of sections 33 and 34 of article 4 of the state Constitution.

**They were not repealed by Blue Sky Law.**

2. These sections of the statute were not repealed by the enact-ment of the "Blue Sky Law." G. S. 1923, §§ 3977-4000.

**Tax sale certificate is an evidence of indebtedness.**

3. A tax certificate is evidence that the land against which it is issued is indebted to the state in a certain amount for taxes. Such certificates are embraced in the term "evidences of indebtedness" found in G. S. 1923, § 7437.

Banks and Banking, 7 C. J. p. 882 n. 53 New.
Constitutional Law, 12 C. J. p. 891 n. 77; p. 1130 n. 31 New.
Indebtedness, 31 C. J. p. 413 n. 49.
Statutes, 36 Cyc. p. 999 n. 17; p. 1000 n. 18; p. 1071 n. 24, 25; p. 1076 n. 39.
Taxation, 37 Cyc. p. 1372 n. 5; p. 1482 n. 7.

[1]Reported in 209 N. W. 9.

Action in the district court for Hennepin county to enjoin the state superintendent of banks from examining plaintiff's books and records. Plaintiff appealed from an order, Leary, J., sustaining a demurrer to the complaint. Affirmed.

*Stanley B. Houck*, for appellant.

*Clifford L. Hilton*, Attorney General, and *W. H. Gurnee*, Assistant Attorney General, for respondent.

LEES, C.

Plaintiff is a corporation organized for the purposes mentioned in G. S. 1923, § 7436. It issued and sold bonds secured under a trust agreement, which provided for the deposit, as security therefor, of Minnesota and North Dakota tax certificates. It complied with the requirements of the State Securities Act, commonly known as the Blue Sky Law, but not with those of G. S. 1923, § 7437-7439. It held a license from the Securities Commission authorizing it to sell its bonds.

Defendant, as superintendent of banks, proposes to exercise the supervisory powers conferred upon him by G. S. 1923, § 7439, that is, he is about to examine plaintiff's books and records, inspect the securities it has on deposit with the trustee, ascertain the amount of its liabilities and the character and value of its assets and investigate its methods of operation.

Claiming that §§ 7437-7439 were repealed by the Securities Act, plaintiff brought this suit to enjoin the proposed examination. Defendant demurred to the complaint and plaintiff has appealed from an order sustaining the demurrer.

Three questions are presented: (1) Do §§ 7437-7439 contravene §§ 33 and 34 of art. 4 of the state Constitution? (2) Were these sections of the statute impliedly repealed by the enactment of the "Blue Sky Law," G. S. 1923, §§ 3977-4000? (3) Are tax sale certificates, or assignments thereof, securities of the class defined in the statute under which plaintiff is organized?

1. It is unnecessary to restate the test by which courts determine whether a statute is special or class legislation prohibited by the

Constitution. It is concisely set forth in State v. Independent School Dist. 143 Minn. 433, 174 N. W. 414, as follows:

"A law is general if the class to which it applies requires or justifies legislation peculiar to itself in the matters covered by the law. State v. Cooley, 56 Minn. 540, 58 N. W. 150. It is special if the classification is manifestly arbitrary. The power to classify subjects of legislation is a legislative power, and it is only when the classification is so manifestly arbitrary as to evince legislative purpose of evading the Constitution, that the courts will interfere and declare the legislation special and therefore void. State v. Westfall, 85 Minn. 437, 89 N. W. 175."

The statute does not cover bonds issued by individuals or co-partnerships, or by corporations other than those mentioned in § 7436, or bonds not secured by collateral deposited with a trustee, but these omissions are not fatal. A statute is not unconstitutional merely because the legislature has failed to bring within its operation everyone who may do the acts which are subject to regulation when done by those in the particular class covered by the statute. State v. Elliott, 135 Minn. 89, 160 N. W. 204.

Bonds issued by individuals are not often offered for sale to investors. Usually bonds are issued by private corporations and carry some sort of security. Loaning money is one of the purposes for which corporations of the class to which plaintiff belongs are organized. Ordinarily the loans are made on the security of real estate mortgages, which are pledged to a trustee before the corporation offers its bonds for sale. The bonds are issued in such denominations as will give small investors an opportunity to purchase them. Such investors rarely have the ability to make, or can go to the expense of making a thorough investigation to ascertain whether the security behind the bonds is adequate. The banking department is in a favorable position to examine and appraise the security and to protect the interests of the public. These are some of the reasons why corporations organized for the purpose of issuing this class of securities may well be put in a class by themselves and made subject to the supervision of the banking department. The

basis for such a classification is not arbitrary or fanciful, and we hold that §§ 7437-7439, G. S. 1923, do not contravene either section 33 or 34 of art. 4 of the Constitution.

2. It is elementary law that, although the courts recognize, they do not favor, the doctrine that a statute may be repealed by implication. Recent cases in point are: In re School Dist. 155 Minn. 41, 192 N. W. 345, and Borgerding v. Village of Freeport, 166 Minn. 202, 207 N. W. 309.

The contention that the "Blue Sky Law" worked a repeal of G. S. 1923, §§ 7437-7439, cannot be upheld. G. S. 1923, § 3991, which is part of the law, declares that "this act shall not be construed to be amendatory, of, nor as superseding any statute of this state now in force, but as supplementary thereto." The later act was not intended to supersede the provisions of the earlier one, for the two are not inconsistent or repugnant. On the contrary, effect may be given to both and, as the learned trial judge pertinently remarked in a memorandum attached to the order, "the legislature might have had in mind that such corporations as the plaintiff should be placed under the watchful eye of two departments instead of one."

3. The statute provides that, until §§ 7437, 7438, G. S. 1923, have been complied with, no sales shall be made by the corporation of "any bonds, notes, certificates of indebtedness or other evidences of debt which are secured to be paid by the deposit or pledge with a trustee of any notes or other obligations secured by mortgages on real estate in Minnesota or elsewhere, or by the deposit or pledge of other evidences of indebtedness owned, issued, negotiated or guaranteed by it."

It is to be noted that pledged tax certificates are not specifically mentioned. A tax certificate is evidence that the land described therein is indebted to the state in a certain amount for taxes and charged with a lien therefor. The certificate is assignable and passes from hand to hand. We see no good reason for holding that it is not an evidence of indebtedness within the meaning of the statute. The legislature certainly intended that, if a corporation organized for the purposes specified in G. S. 1923, § 7436, puts out

bonds secured by real estate mortgages deposited with a trustee, it should be subject to the supervision of the banking department. The plain purpose of such supervision is to protect the purchasers of bonds thus secured. When, instead of mortgages, the security consists of tax certificates issued because owners of the land allowed the taxes to become delinquent, there would seem to be even more necessity for the protection of purchasers of the bonds, and we think the legislature intended that they should have it. To hold that such certificates are not "evidences of indebtedness" would partially defeat the beneficent purpose of the statute by placing a narrow and technical construction upon it. We decline to adopt such a construction and hold that they are within the statute applicable to corporations of the class to which plaintiff belongs.

Order affirmed.