# IN RE IMPROVEMENT OF THIRD STREET, ST. PAUL. JAMES D. RYAN, APPELLANT.[1]

April 12, 1929.

No. 27,136.

[1]Reported in 225 N. W. 86.

*Kerr, Nelson, Burns & Mohan,* for appellant.
*Eugene M. O'Neill,* for respondent.

OLSEN, C.

Appeal by James D. Ryan from a judgment confirming an award of damages made by the council of the city of St. Paul in a proceeding to condemn land for a street improvement.

Ryan is the owner of lot 15 and part of lot 6 in auditor's subdivision No. 18, city of St. Paul. The city undertook to condemn his property and other land for what is known in general terms as the Third street improvement. The proceeding was conducted under the home rule charter of the city. An award was made by the city council of the damages to be paid to Ryan for the property. He appealed to the district court from this award, and after trial of the appeal that court found that the city council had jurisdiction in the matter, that the valuation placed on the property was fair, and that the award made was fair and impartial. Judgment was entered confirming the award, and this appeal taken therefrom.

■ Does L. 1927, p. 180, c. 114, 1 Mason Minn. St. § 1538-1 to § 1538-3, supersede and in effect repeal the provisions of the city charter as to proceedings to condemn land for street purposes?

The home rule charter of the city of St. Paul was first adopted in 1900. It was remodeled and re-enacted, as modified and amended, in 1912. Sections 269 to 274 of the charter provide the method and procedure for condemnation of land for public purposes. Briefly, these sections provide that the commissioner of finance of the city shall, in the first instance, view the premises and determine the value of the land to be taken and the amount of damages to be awarded and report his findings to the council. The council then shall fix a time for hearing on such report and cause notice of such hearing to be given to the landowner. At the hearing the council shall hear all persons desiring to be heard, and may modify, alter, or revise the report; and when the same shall be satisfactory to the council it shall, by resolution, ratify and confirm the taking and the award of damages. An appeal to the district court is then provided for on condition that the landowner so appealing shall give a bond to the city conditioned to pay all costs which may be awarded against him, the bond to be in such sum and with such sureties as shall be approved by a judge of said court. On trial of the appeal the only questions to be passed upon shall be whether the council had jurisdiction in the matter, and whether the valuation of the property is a fair valuation and the award fair and impartial. The

judgment shall either confirm or annul the award, and an appeal therefrom may be taken to this court.

L. 1927, p. 180, c. 114, 1 Mason Minn. St. § 1538-1 to § 1538-3, is entitled: "An act to authorize cities of the first class to acquire property and easements therein for public street and highway uses and purposes." It provides that such cities, "in addition to all other powers possessed by the city," are authorized to acquire, by purchase, gift, devise or condemnation, lands and easements needed for highway purposes, "notwithstanding the fact that the property so needed or required has been acquired by the owner under the power of eminent domain or is already devoted to a public use." It then provides that proceedings under the act shall be in pursuance of R. L. 1905, c. 41, and acts amendatory thereof. Section 3 provides that the act shall apply to cities of the first class operating under a home rule charter. The act does not purport to repeal any existing law or charter. R. L. 1905, c. 41 (G. S. 1923, §§ 6537 to 6578, as amended, 2 Mason Minn. St. id.) provides for condemnation of lands by proceedings in district court, whereby the court appoints three disinterested commissioners to make the award of damages and provides for an appeal to the district court from the award. On such appeal the landowner has a jury trial on the question of the amount of damages, unless the parties consent to a trial by the court. The procedure there provided differs materially from that provided by the St. Paul charter.

It is elementary and needs no citation of authorities that repeals by implication are not favored. G. S. 1923 (2 Mason, 1927) § 10929, provides that where a later statute does in fact cover the entire subject matter of an earlier law it shall be construed as repealing the earlier act. The reasonable inference is that where the later act does not cover the entire subject of the prior law it does not repeal such prior law unless it expressly so provides. Here the charter sections mentioned are segregated in the charter under the title "Condemnations." These sections constitute one law on that subject and cover the matter of condemnations of lands and easements therein for all purposes for which the city has power to condemn

lands or easements. The 1927 act covers only condemnations for street and highway uses and purposes. It does not cover the entire subject matter of the charter provisions. No one section or part of any one section of the charter covers only condemnations for street or highway uses and purposes; hence could not be intended to be repealed by the act of 1927.

Again, the act of 1927 expressly grants power to the city "in addition to all other powers possessed by the city," and provides for condemnation "notwithstanding the fact that the property so needed or required has been acquired by the owner under the power of eminent domain or is already devoted to a public use." It seems a fair inference that the intent of the legislature was to grant additional power to the city to condemn property already devoted to a public use, which power one or more of the first class cities may not theretofore have possessed. The 1927 act may reasonably be construed as a grant of additional power and not a limitation upon or modification of the charter powers already possessed. So construed, the charter provisions and the act of 1927 may both stand and operate without conflict; or the act of 1927 may be held to grant only an alternative method of procedure for condemnation of land for street and highway purposes, so that the city may proceed either under the charter or under this act.

Prior decisions of this court sustain the conclusions reached. State ex rel. Village of Delano v. G. N. Ry. Co. 114 Minn. 293, 131 N. W. 330; Hjelm v. City of St. Cloud, 129 Minn. 240, 152 N. W. 408; Balch v. St. Anthony Park West, 129 Minn. 305, 152 N. W. 643; In re Enlargement of School Dist. No. 93, 155 Minn. 41, 192 N. W. 345; Borgerding v. Village of Freeport, 166 Minn. 202, 207 N. W. 309; State ex rel. Minnesota Mut. I. Co. v. Wells, 167 Minn. 198, 208 N. W. 659; Petters & Co. v. Veigel, 167 Minn. 286, 209 N. W. 9.

■ The constitutionality of the charter provisions mentioned is questioned. It is urged that the landowner is deprived of his right to a judicial hearing before an impartial and disinterested tribunal as to the amount of his damages. The appellant takes the position that the city council was disqualified, because of interest in the out-

come, to sit as the court or judge in a cause between the landowner and the city. He further contends that the provisions for appeal to the district court are so limited and restricted that he cannot there have a full and fair determination of the amount of damages to which he is entitled.

It is conceded that there is no constitutional right to a trial by jury as to the amount of damages in a condemnation proceeding. It is likewise conceded that the landowner has the right, at some stage of the proceeding, to have a trial on that issue before a fair and impartial tribunal or court. The cases in this state hold that a board of elected officials, such as county and town boards, city and village councils, nothing else appearing, are not disqualified because of interest from acting as a tribunal to assess damages in a proceeding to condemn land for the municipality represented by them. Bruggerman v. True, 25 Minn. 123; State v. Messenger, 27 Minn. 119, 6 N. W. 457; City of St. Paul v. Nickl, 42 Minn. 262, 44 N. W. 59; Banse v. Town of Clark, 69 Minn. 53, 71 N. W. 819; State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 171 N. W. 314; In re Restricted Residence Dist. v. Scott, 151 Minn. 115, 186 N. W. 292.

The cases of Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. ed. 749, 50 A. L. R. 1243, and Dugan v. Ohio, 277 U. S. 61, 48 S. Ct. 439, 72 L. ed. 784, are not inconsistent with the conclusion here reached. The cases of In re City of Rochester v. Holden, 224 N. Y. 386, 121 N. E. 102; Peirce v. City of Bangor, 105 Me. 413, 74 A. 1039; In re Petition of Fisher, 178 Pa: 325, 35 A. 922; and City of Paris v. Tucker, 101 Tex. 99, 104 S. W. 1046, cited by appellant, hold that municipal officers and city councils are not such impartial tribunals, in a proceeding wherein the municipality is a party and interested, as to make their award or decision final, and that charter provisions or laws so providing are unconstitutional. In none of these cases does it appear that the award was to be paid out of property assessments, and in none of them is it indicated that if an appeal to the courts was provided that would not be sufficient. In Peirce v. City of Bangor, 105 Me. 413, 74 A. 1039, the court expressly holds that such an award, if not appealed from, would be valid.

Under § 235 of the charter, the damages awarded for condemnation of land for street improvements are to be paid from benefits assessed therefor. In that situation the members of the council would appear to have no disqualifying interest in the matter. Crane v. Hahlo, 258 U. S. 142, 42 S. Ct. 214, 66 L. ed. 514. As stated in the case of State ex rel. Hunt v. City of Montevideo, 142 Minn. 157, 163, 171 N. W. 314:

"The city and the members of its legislative body, the common council, are but agents or representatives of the public for the administration of the law within the municipality, and presumptively have no interest in the performance of their duties adverse to the citizen whose property rights may be involved in a particular proceeding."

In the case of City of St. Paul v. Nickl, 42 Minn. 262, 264, 44 N. W. 59, the court said:

"That the legislature may provide that a special tribunal or board may act generally in a particular class of condemnation proceedings where the right of appeal is preserved, appears to have been determined in Bruggerman v. True [25 Minn. 123] and State v. Messenger [27 Minn. 119, 6 N. W. 457] and is not questioned in Langford v. Com'rs of Ramsey Co. 16 Minn. 333 (375)."

In the Nickl case, as here, the contention was that the appeal provided was so limited as to prevent the court, on appeal, from fully determining the amount of damages to be awarded, and to prevent the court from rendering a judgment such as would fully protect the rights of the landowner. The charter provision there in question, providing for an appeal to the court, was identical with the provision for appeal in the present charter, so far as the questions to be determined by the court are concerned. It provided that the only questions to be passed upon by the court should be whether the board of public works had jurisdiction in the case, and whether the valuation of the property to be taken was a fair valuation and the damages assessed fair and impartial. The judgment to be rendered by the court was either to confirm or annul the

assessment so·far as it related to the property of the appellant. The court said [42 Minn. 265]:

"There can be no taking of the property of the citizen until the court shall determine, after a 'trial, as in the case of other civil causes,' that the valuation and assessment are fair and impartial, and until the lawful compensation so ascertained shall be duly paid or secured. * * * This act is not so clearly in conflict with the fundamental law as to authorize the courts to hold that its provisions are inadequate for a fair investigation and a just judgment."

The Nickl case has not been modified or reversed; and, following that case, the appeal provided by the present charter is held sufficient to protect all constitutional rights of the landowner. His property cannot be taken or damaged until the district court, after due trial, has determined that the damages awarded are fair and have been impartially assessed. The provisions as to what may be reviewed on appeal are broad enough to allow inquiry into the qualifications of the members of the council to act, and inquiry into any personal or adverse interest of members of the council. The court would have such power in any event. Milwaukee L. H. & T. Co. v. Ela Co. 142 Wis. 424, 125 N. W. 903, 27 L.R.A.(N.S.) 567, 20 Ann. Cas. 707.

It is argued for respondent that the city council, being a fair and impartial tribunal and a full hearing before that body being provided, an appeal is a mere matter of grace and may be limited in any way deemed advisable by the legislative authority. It appears to be the general rule that where a full hearing is provided before a proper tribunal the determination by that tribunal may be made final; or, if an appeal is allowed, the matters to be inquired into on appeal may, in the discretion of the legislative authority, be limited. Long Island W. S. Co. v. Brooklyn, 166 U. S. 685, 17 S. Ct. 718, 41 L. ed. 1165; Huber v. Steel, 14 Del. Ch. 302, 125 A. 673.

All that is here required is to determine whether the hearing before the city council, together with the hearing on appeal, is sufficient to constitute due process of law and equal protection of the law under the fourteenth amendment to the federal constitution and art. 1, § 2, of the state constitution. We hold the procedure sufficient.

■ The charter requires that the landowner, in order to appeal to the district court, must give a bond for costs in amount and with sureties, approved by a judge of that court. If that provision is unauthorized, it will be held nugatory and not to invalidate the other provisions of the charter. Weir v. St. P. S. & T. F. R. Co. 18 Minn. 139 (155) ; Flour City F. & T. Co. v. Young, 150 Minn. 452, 185 N. W. 934. Appellant has had his appeal and taken advantage of the provision. He is not now in position to complain of the bond requirement.

■ The next objection is that the charter provisions delegate judicial power to a legislative body, the city council. It is pointed out that art. 3 of the state constitution divides the powers of government into legislative, executive and judicial departments and provides that no person belonging to or constituting one of these departments shall exercise any power properly belonging to any of the others, "except in the instances expressly provided in this constitution." The provision of art. 4, § 36, is then referred to, where it provides that it shall be a feature of all home rule charters that there shall be provided a legislative body for the city. The city council is the body so provided. Art. 6, § 1, vesting the judicial power of the state in the courts therein enumerated, is cited.

These objections to the charter appear to have been determined adversely to appellant by prior decisions of this court. The power to condemn property is in the first instance legislative. But the legislature may and does delegate to courts, municipalities, municipal officers and boards the administrative and quasi judicial proceedings, to carry into effect the legislative power. The proceeding is in rem and largely administrative. The matter of fixing values and damages is at most quasi judicial. In the case of State v. Rapp, 39 Minn. 65, 67, 38 N. W. 926, the court said:

"Condemnatory proceedings in the exercise of the right of eminent domain are not civil actions or causes within the meaning of the constitution; but special proceedings, only quasi judicial in their nature, whether conducted by judicial or non-judicial officers or tribunals. The propriety of the exercise of the right of eminent

domain is a political or legislative, and not a judicial question. The manner of the exercise of this right is, except as to compensation, unrestricted by the constitution, and addresses itself to the legislature as a question of policy, propriety, or fitness, rather than of power. They are under no obligation to submit the question to a judicial tribunal, but may determine it themselves, or delegate it to a municipal corporation, to a commission, or to any other body or tribunal they see fit. Neither are they bound to submit the question of compensation incident to the exercise of the right of eminent domain to a judicial tribunal. Provided it be an impartial tribunal, and the property-owner has an opportunity to be heard before it, the legislature may refer the matter for determination to a jury, a court, a commission, or any other body it may designate." See also State ex rel. Smith v. Van Reed, 125 Minn. 194, 145 N. W. 967.

The city of Mankato has a home rule charter, adopted under art. 4, § 36, of the constitution, the same as here. That charter was sustained as constitutional against objections, covering the same field as here presented, by the decision in State ex rel. Simpson v. City of Mankato, 117 Minn. 458, 136 N. W. 264, 41 L.R.A.(N.S.) 111. There, as here, it was urged that the council was the legislative department of the city and could exercise only legislative powers, and the delegation of other powers to the council was claimed to be invalid. It is there held that art. 3 of the constitution applies to the state government but does not apply to municipal governments, and that the legislature may vest in city councils both legislative and nonlegislative powers. No distinction can be drawn as between the Mankato charter and the St. Paul charter on the ground that the Mankato charter provides a slightly different form of government, referred to as a commission form. Both are home rule charters adopted under art. 4, § 36, and governed by the same rules as far as these constitutional questions are concerned.

The Mankato case, 117 Minn. 458, 136 N. W. 264, 41 L.R.A.(N.S.) 111, does not refer to art. 6, § 1, of the constitution. The section vests the judicial power of the state in the courts therein enumerated. The power to make an award of compensation in a condemna-

tion proceeding, when that award is subject to review by the court, would not seem to be such a delegation of judicial power as to violate this section. Such award is a step or incident in a legislative proceeding and, so far as judicial, is subject to review in a proper court.

The railroad and warehouse commission of this state is granted many powers over railroads and other public service corporations, among others the power to fix rates and compensation for services. In the case of State ex rel. Hilton v. Four Lakes Tel. Co. 141 Minn. 124, 169 N. W. 480, the act creating the commission was challenged as delegating to it judicial powers. It was held that the powers conferred were administrative and legislative in character, and that the provision for appeal to the court to determine the reasonableness of the commission's orders, which is a judicial question, was sufficient and the act valid.

In Fuller v. County of Morrison, 36 Minn. 309, 30 N. W. 824, an act delegating to the county board the power to fix the amount of compensation to be paid for services performed, with right to an appeal therefrom to the court, was held not to delegate judicial power to the board.

In the case of Crane v. Hahlo, 258 U. S. 142, 147, 42 S. Ct. 214, 66 L. ed. 514, the court said:

"The right of the plaintiff in error to damages having been established by the decision in 221 N. Y. 283, supra, there remained only the problem of determining the amount of the award which should be made and the manner of making it, and the reference of such a question, especially in eminent domain proceedings, to a commission, or board, or sheriff's jury, or other nonjudicial tribunal, was so common in England and in this country prior to the adoption of the Federal Constitution that it has been held repeatedly that it is a form of procedure within the power of the State to provide, and that when opportunity to be heard is given it satisfies the requirements of due process of law, especially when, as in this case, a right of review in the courts is given."

In our state, prior to and ever since the adoption of the state constitution, it has been common for the legislature to delegate to

municipal boards, or commissions, appointed by them, the power to fix the amount of damages or compensation to be paid for property or services, subject to review by the courts on appeal. The charter is held constitutional as against the objections here made.

■ It is urged that the charter provides that title to the property shall vest in the city upon confirmation by the council of the assessment, before compensation is paid or secured. L. 1921, p. 270, c. 219, modifies the charter in that regard and is sufficient if any modification was necessary. Appellant says that this act does not assure payment. It does provide that when an award is not appealed from or is confirmed by the court, "the city council shall thereupon cause to be paid from the funds of such city, to the owner of such property, the amount awarded to each severally," and "upon the payment of said award  *  *  *  or the setting apart of the money in the city treasury to pay the same  *  *  *  the city shall become vested with the title to the property." The provisions for furnishing abstract may be invalid, but under the constitution and this chapter there can be no vesting of any title to the property in the city until compensation is paid or secured. See also State ex rel. Stees v. Otis, 53 Minn. 318, 55 N. W. 143.

■ It is claimed that the proceedings before the city council fail to show that the land was condemned for any specific public purpose. The resolutions of the council are entitled: "In the matter of condemning, taking and appropriating for public purposes for streets, parks, parkways and public squares." Then follow descriptions of the property to be taken. In some cases it is further referred to as the "Third Street Project." The maps filed in and as part of the proceeding show the proposed condemnation of lands on both sides of Third street, resulting in a widening of that street and in the creation of parkways or parks on one side thereof. The city charter does not specifically name public squares as one of the purposes for which land may be condemned. A public square is a tract set apart for the free and common use of the public. It has such similarity to public parks that it may well be held to come under that heading in the charter. There appears to be no serious objection to includ-

ing in one condemnation proceeding property for widening a street and for parkways or parks alongside of the same street and to be included in the same improvement. It sufficiently appears that the property is to be taken for a public purpose.

■ We have examined the record of the various orders and proceedings had before the council, so far as the record here returned shows, and conclude that the charter provisions were substantially complied with.

■ The award of damages is seriously challenged. There is the usual conflict in the evidence as to the value of the property taken. Appellant presented evidence that would justify a substantially larger award. Respondent presented evidence justifying the award as approved by the court. It was a question of fact for the trial court, and we cannot say that there was not sufficient evidence to justify the court in finding the award sufficient and fair.

■ Errors are assigned upon the rulings of the court in sustaining and overruling objections to evidence. Neither in the brief nor at the oral argument was any special point made as to these assignments. We have examined the rulings as shown in the assignments made and find no reversible error.

Judgment affirmed.

Dibell, J.

I dissent.